IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRUSTEES OF THE NATIONAL** | * | |
| **AUTOMATIC SPRINKLER** | * | |
| **INDUSTRY WELFARE FUND, et al.,** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | **CIVIL NO. PJM 06-3060** |
| **v.** | * | |
| | * | |
| **ACCURATE FIRE PROTECTION,** | * | |
| | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Accurate Fire Protection has filed a Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer this action to the United States District Court for the Southern District of Ohio, which Plaintiffs oppose. Having determined that oral argument would not assist in the resolution of this matter, the Court is prepared to rule on the pleadings. *See* Local R. 105.6 (D. Md. 1999). For the reasons set forth below, the Court DENIES the Motion.

Plaintiffs funds, trustees of multi-employer benefit plans administered in Landover, Maryland, have brought this action under the Employee Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. §§ 1001 et seq. They seek to compel Accurate to make benefit contributions owed under a collective bargaining agreement with Road Sprinkler Fitters Local Union No. 669.

Accurate, based in Kettering, Ohio, argues that Ohio is the proper venue in which to adjudicate this dispute, pointing out that the events alleged in the Complaint all occurred in Ohio and that all parties and witnesses are located in Ohio. Plaintiffs counter that venue in Maryland is proper under 29 U.S.C. § 1132(e)(2) because the funds' records are kept in Maryland and any Ohio

1

connections are not significant enough to disregard the great deference given to a Plaintiff's choice of forum. The Court agrees with Plaintiffs.

An action to collect monies owed under an ERISA plan "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found." 29 U.S.C. §1132(e)(2). Venue in Maryland is appropriate in this case because the funds in controversy are administered within this District. Therefore, Accurate's Motion to Dismiss for improper venue is without merit.[1]

Since dismissal is not proper, the only remaining question is whether the Court should exercise its discretion and transfer the case to another district. The Court declines to do so. 28 U.S.C. § 1404(a) provides that: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer under this provision is committed to the sound discretion of the trial court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). A plaintiff's choice of venue, however, deserves substantial weight, particularly in ERISA cases. *See Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning*, 702 F. Supp. 1253, 1256 (E.D. Va. 1988); *Trustees of Nat'l Asbestos Workers Pension Fund & Med. Fund v. Lake Erie Insulation*

---

[1] Accurate also contends that it lacks sufficient minimum contacts with Maryland to be subject to personal jurisdiction in this Court. However, "because ERISA authorizes nationwide service of process, the Fifth Amendment's 'national' contacts theory is [the] applicable" test for determining personal jurisdiction. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997); *see also Strategic Outsourcing, Inc. v. Commerce Benefits Group Agency, Inc.*, 54 F. Supp. 2d 566, 570 (W.D.N.C. 1999). Under the national contacts theory, a defendant need only have sufficient contacts with "the United States as a whole." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund*, 964 F. Supp. at 1044. Because Accurate acknowledges that its place of business is in Kettering, Ohio, it has sufficient contacts in the United States as a whole to support the exercise of personal jurisdiction in Maryland.

*Co.*, 688 F. Supp. 1059, 1060 (D. Md. 1988); *Trustees of Nat'l Automatic Sprinkler Industry Pension Fund v. Best Automatic Fire Protection, Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983); *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. T.L. Servs., Inc.*, 2000 U.S. Dist. LEXIS 19162, *2 (D. Va. 2000). Indeed, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Development Co. of America's v. Insurance Co. of North America*, 249 F. Supp. 117, 118 (D. Md. 1966).

No compelling circumstances exist to overcome Plaintiffs' privilege to select a Maryland forum in this case. The mere fact that the disputed collective bargaining agreement may have been executed in Ohio is not sufficient to thwart Congress's clearly expressed intention to allow suit to be brought where the plans are administered. Further, although a Maryland forum may be more inconvenient for Accurate, it is equally true that an Ohio forum would be more inconvenient for Plaintiffs. A transfer that merely results in a shift in inconvenience of the forum from the defendant to the plaintiff is inappropriate, and will not be granted. *See Lake Erie Insulation Co.*, 688 F. Supp. at 1060; *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 622-23 (D. Md. 1988); *Equitable Bank v. Finn*, 671 F. Supp. 374, 380 (D. Md. 1987); *Best Automatic Fire Protection, Inc.*, 578 F. Supp. at 94; *T.L. Services, Inc.*, 2000 U.S. Dist. LEXIS 19162 at *2.

For the foregoing reasons, Accurate Fire Protection's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer is DENIED. A separate order WILL ISSUE.

April 13, 2007

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE